UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JECOINA VINSON,                                   :
               Petitioner,                   :
                                                 :   **MEMORANDUM DECISION**
v.                                                :
                                                 :   07 CV 2972 (VB)
                                                 :
WILLIAM BROWN, Superintendent,                    :
Eastern Correctional Facility,                    :
               Respondent.                   :
--------------------------------------------------------------x

Briccetti, J.:

      Now pending before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated July 11, 2011 (Doc. #29), on Jecoina Vinson's petition for a writ of habeas corpus. Magistrate Judge Davison recommended the Court deny the petition in its entirety. The Court adopts the R&R as the opinion of the Court. The petition is denied and dismissed.

      A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the recommended ruling, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is

1

apparent from the face of the record.  See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The objections of parties appearing pro se, such as petitioner herein, are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." Milano v. Astrue, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008).[1]  "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  Pinkney v. Progressive Home Health Servs., 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

The Court presumes familiarity with the factual and procedural background of this case and only recounts those basic facts relevant to this decision.  Petitioner was charged with one count of murder in the second degree (depraved indifference murder), in violation of New York Penal Law § 125.25(2); one count of manslaughter in the first degree, in violation of New York Penal Law § 125.20(1); and one count of gang assault in the first degree, in violation of New York Penal Law § 125.07.  Petitioner was convicted on December 10, 1998, of depraved indifference murder and gang assault in the first degree, and sentenced on April 6, 1999.

Petitioner objects to the R&R for three reasons.  He argues that (1) the magistrate judge improperly applied the case law to his petition; (2) the indictment was defective for charging two

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this ruling.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

inconsistent mental states, and the trial court erred in its instructions to the jury on this issue; and (3) the evidence was not legally sufficient to support the charge of depraved indifference murder.

Plaintiff's first objection is a general objection reviewed for clear error. The second and third objections are reviewed under a de novo standard. Under either standard, the Court finds the R&R to be a correct application of the law and adopts it.

The Court will nonetheless address petitioner's specific objections.

I.      Inconsistent Mental States Charged in Indictment

Petitioner argues he received ineffective assistance of counsel because counsel failed to file a motion to dismiss the indictment, which charged inconsistent mental states. In addition, petitioner argues the trial court erred in its instructions to the jury regarding the inconsistent mental states.

"An indictment is not defective simply because it charges a defendant with alternative offenses. Indeed, New York's Criminal Procedure Law specifically contemplates the possibility of being charged with inconsistent offenses. What it protects against is a conviction on inconsistent offenses." Whitfield v. Ricks, 2006 WL 3030883, at *12 (S.D.N.Y. Oct. 24, 2006) (citing New York Criminal Procedure Law § 300.3(5)) (footnote omitted). The New York Criminal Procedure Law provides: "If an indictment contains two inconsistent counts, the court must submit at least one thereof [to the jury]." N.Y. Crim. Proc. Law § 300.40(5). However, a court must be cautious when a jury considers two inconsistent charges. A court may send both counts to the jury, but in doing so the court shall "submit both counts in the alternative and authorize the jury to convict upon one or the other depending upon its findings of fact." Id.

In this case, petitioner was charged with inconsistent counts insofar as they required conflicting mental states: manslaughter in the first degree and depraved indifference murder in the second degree. Manslaughter in the first degree requires "intent to cause serious physical injury to another person." N.Y. Penal Law § 125.20(1). Depraved indifference murder does not require an intent aimed at one person, but requires the defendant to have acted with a depraved indifference to human life by creating a circumstance that creates a grave risk of death to another person. N.Y. Penal Law § 125.25(2). As stated above, New York law allows for a defendant to be charged with inconsistent crimes. Therefore, the indictment was not defective for charging both intentional manslaughter and depraved indifference murder. In addition, the trial court instructed the jury to consider the counts in the alternative. See Whitfield v. Ricks, 2006 WL 3030883, at *13 (S.D.N.Y. Oct. 24, 2006). As the indictment was not defective and the trial court properly instructed the jury, counsel had no obligation to seek a dismissal of the indictment.

II.   Application of Depraved Indifference Law

Petitioner next argues his conviction must be vacated because the evidence at trial was legally insufficient to sustain his conviction of depraved indifference murder, as defined under New York law applicable at the time petitioner's conviction became final.

A.   Applicable Case Law

Petitioner was convicted by the trial court on April 6, 1999. Petitioner appealed to the Appellate Division, Second Department, which affirmed his conviction on May 23, 2005. Petitioner sought leave to appeal to the New York Court of Appeals, which denied leave to

appeal on December 23, 2005.  Petitioner did not seek a writ of certiorari to the United States Supreme Court.

In a series of decisions, beginning in 2003 and culminating in 2006, the New York Court of Appeals clarified the definition of depraved indifference murder.  See People v. Hafeez, 100 N.Y.2d 253 (2003); People v. Gonzalez, 1 N.Y.3d 464 (2004); People v. Payne, 3 N.Y.3d 266 (2004); People v. Suarez, 6 N.Y.3d 202 (2005); People v. Feingold, 7 N.Y.3d 288 (2006).  These decisions overturned the definition of deliberate indifference applicable during petitioner's trial, as established in People v. Register, 60 N.Y.2d 270 (1983).

The Penal Law provides that a person is guilty of depraved indifference murder when "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."  N.Y. Penal Law § 125.25(2).

The Court of Appeals in Register held that the language, "circumstances evincing a depraved indifference to human life," did not set up an additional mens rea requirement beyond the recklessness expressly stated in the statute.  People v. Register, 60 N.Y.2d at 277-78.  "[D]epraved [indifference] murder is distinguishable from manslaughter, not by the mental element involved but by the objective circumstances in which the act occurs."  Id. at 278.

Following Register, a line of cases held depraved indifference convictions could not be upheld where the defendant intended a particular individual's death.  Under these cases, depraved indifference was best understood as a dispassion towards the fate of the victim – "a willingness to act not because one intends harm, but because one simply doesn't care whether grievous harm results or not."  People v. Suarez, 6 N.Y.3d at 214.

5

In <u>Feingold</u>, the court held that depraved indifference to human life is its own culpable mental state, explicitly overruling <u>Register</u>.  People v. Feingold, 7 N.Y.3d at 294.

In this case, petitioner seeks retroactive application of the depraved indifference standard as articulated in <u>People v. Feingold</u> to the extent it departed from <u>People v. Register</u>.

In order for <u>Feingold</u> to apply, it must have been decided before the petitioner's conviction became final.  See <u>Policano v. Herbert</u>, 507 F.3d 111 (2d Cir. 2007).  In New York, a conviction becomes final ninety days after the Court of Appeals denies a defendant's application for leave to appeal, which reflects when a litigant's option to petition the United States Supreme Court for a writ of certiorari expires.  <u>Fernandez v. Artuz</u>, 402 F.3d 111, 112 (2d Cir. 2005).  Here, petitioner's conviction became final on March 23, 2006, which was ninety days after the Court of Appeals denied leave to appeal.  <u>Feingold</u> was decided July 5, 2006.  Petitioner, therefore, obtains the benefit of <u>Suarez</u> (decided in 2005), but not <u>Feingold</u>.  See <u>Rustici v. Philips</u>, 497 F. Supp. 2d 452, 486 (E.D.N.Y. 2007).

      B.     <u>Applying the Applicable Law</u>

As determined above, <u>Suarez</u> is the applicable case law in this matter.  Although <u>Suarez</u> did not declare depraved indifference as its own mental state, the court in <u>Suarez</u> observed that depraved indifference differs from intentional murder.  Depraved indifference under <u>Suarez</u> is best understood as a dispassion toward the fate of the victim.  Harm does not have to be intended but the actor must not care if harm occurs.  <u>People v. Suarez</u>, 6 N.Y.3d at 214.  <u>Suarez</u> further recognized that only in rare circumstances would one-on-one killings be considered depraved indifference.  <u>Id.</u> at 210.  <u>Suarez</u> did, however, set forth two situations in which one-on-one killings would constitute depraved indifference: (1) without intent to inflict serious injury or

6

death, the defendant nevertheless abandoned a helpless victim in a situation in which he was highly likely to die, or (2) the defendant – "acting with a conscious objective not to kill but to harm – engages in torture or a brutal, prolonged and ultimately fatal course of conduct against a particularly vulnerable victim." Id. at 212.

In this case, petitioner launched a surprise, and unprovoked, attack against a man walking down the street. Petitioner beat him and left him to die. Petitioner's conduct fits well within at least the second category enumerated in Suarez. After torturing the victim through a prolonged beating, petitioner left the helpless victim in a pool of blood, a situation in which he was highly likely to die. There may not have been evidence that petitioner intended the death of or anything beyond harm to the victim, but the attack was both uncommonly brutal and depravedly indifferent. In short, evidence was presented at trial upon which a rational jury could have found petitioner guilty of depraved indifference murder even under Suarez's new reading of the law.

In cases following Suarez, similar one-on-one killings have been deemed depraved indifference murders. For example, in Saxon v. Ercole, 2008 WL 3446488, at *28-29 (S.D.N.Y. Aug. 12, 2008), petitioner participated in an unprovoked attack in which he beat, punched, and kicked the victim leaving him to die. The court in Saxon held the killing to be depraved indifference murder as "the acts of the defendant are marked by uncommon brutality – coupled not with an intent to kill . . . but with depraved indifference as to the victim's plight." Id. at 29 (quoting People v. Payne, 3 N.Y.3d 266, 271 (2004)).

As in Saxon, the evidence presented to the jury in this case indicates petitioner engaged in a prolonged beating of the victim and then left the helpless victim in a pool of blood.

Petitioner's acts did not show an intent to kill, but, as in <u>Saxon</u>, exhibited "uncommon brutality" and depraved indifference to the victim's plight.

Objectively viewing petitioner's conduct and the surrounding circumstances, this Court concludes, under the law as it existed when petitioner's conviction became final, the evidence supports the jury's verdict of depraved indifference murder, even when applying the <u>Suarez</u> standard.  Therefore, the Court rejects petitioner's claim concerning the sufficiency of the evidence to sustain his conviction of depraved indifference murder in the second degree.

## CONCLUSION

The Court adopts the R&R in its entirety.  The Clerk is instructed to enter judgment denying and dismissing the petition.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Love v. McCray</u>, 413 F.3d 192, 195 (2d Cir. 2005).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

Dated: March 29, 2012
      White Plains, NY

                            SO ORDERED:

                            Vincent L. Briccetti
                            United States District Judge